IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VAN JACKSON, JR.,

                                                    OPINION AND ORDER

                          Plaintiff,

                                                         20-cv-743-bbc

              v.

KATIE BLAND, KRISTEN RYAN,
HEATHER LUHMEN and
DANE COUNTY GANG TASK FORCE,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief, pro se plaintiff Van Jackson, Jr. is alleging that two social workers, a probation officer and members of the Dane County gang task force unlawfully removed his three children from their grandmother's home without consent, a warrant or probable cause.  Because plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and cannot afford to make an initial partial payment, I must screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2)(B).

Unfortunately, I cannot review the potential merits of plaintiff's claims at this time because his pleading does not provide enough information to support a federal claim, as required by Rule 8 of the Federal Rules of Civil Procedure.  Although I am dismissing plaintiff's complaint, I will give him an opportunity to file an amended complaint that explains his claims more clearly.

1

Plaintiff alleges the following facts in his complaint.

ALLEGATIONS OF FACT

On August 12, 2014, officers with the Dane County gang task force went to the address of 714 West Badger Road looking for a fugitive who had missed a court appearance on August 1.  The officers kicked in the door even though they did not have any information that the fugitive was on the premises.  A probationer was living at the West Badger Road address.  (Plaintiff does not say whether he is this person.)  In order to assist the police, defendant Heather Luhmen, a probation officer, had put out a warrant on the probationer and made a false report of neglect to the Department of Human Services regarding twin 13-day old girls living in the home.

After the officers entered the residence, defendant Katie Bland, a social worker, arrived on scene and noted that two adults were packing items to take the children to be with other family members.  Later that evening, defendant Luhmen learned that the children had been taken to their grandmother's house.  Defendant Bland and two officers went to the grandmother's home to check on the children and also saw a third child, who was identified as the 11-month old sibling of the twin girls.

The next day, August 13, 2014, Bland asked the children's mother to come up with a safety plan, but the mother refused.  A few hours later, Bland, defendant Kristen Ryan (a supervisory social worker) and a few police officers went to the grandmother's home without a warrant and removed the children without the grandmother's or parents' consent, although

2

there were no exigent circumstances.  Plaintiff's three children were placed in different foster homes and he did not see them for seven months.

OPINION

Under 42 U.S.C. § 1983, plaintiff may bring a claim against a "person" acting under color of state law who deprived him of rights or privileges protected by United States Constitution or federal laws.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).  Plaintiff alleges that defendants unlawfully entered the West Badger Road residence and later the residence of his children's grandmother and removed his three children, in violation of his rights under the Fourth Amendment and the due process clause of the Fourteenth Amendment.

Plaintiff provides little information about the circumstances under which defendants entered the West Badger Road residence and removed his three children from their grandmother's home.  He does not identify the officers involved, explain his connection, if any, to the West Badger Road residence or say where he was during any of the events in question.  It is also unclear exactly what happened to him or why it happened.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short of plain statement of the claim showing that the pleader is entitled to relief."  This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights.  Additionally, the complaint must contain enough allegations of fact to support a claim under federal law.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing

3

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)).  Because plaintiff's complaint does not include enough information to meet this standard, it does not comply with Rule 8.

I will dismiss plaintiff's complaint without prejudice and give plaintiff the opportunity to file an amended complaint to better explain his claims.  In drafting his amended complaint, plaintiff should be sure to state clearly what happened with respect to the incidents in question, how the incidents are related to one another, how he was involved in each incident and what each individual defendant did, or did not do, that plaintiff believes violated his constitutional rights.  Plaintiff also should make sure that he alleges facts to answer the following questions:

1.   Who were the police officers involved in the incidents?

2.   Who resides at the West Badger Road address and why were the police looking for a fugitive at that address?

3.   Is plaintiff the probationer identified in the complaint, and if so, what kind of warrant did Luhmen seek for to him and why?

4.   Where was plaintiff at the time of defendants' entry into the West Badger Road residence?  Who was present at that time?

5.   Why did Bland ask the mother of the children to create a safety plan? How does the safety plan relate to plaintiff, if at all?

6.   What reasons did the probation officer and social worker defendants give for removing plaintiff's children from plaintiff's custody and the custody of their mother?  Why do you think that the children not be left with their grandmother?

7.   Why does plaintiff believe that the removal of his children occurred without a warrant, court order or reasonable suspicion that they were in imminent danger?

8.    What happened that allowed plaintiff to be reunited with his children seven months later?

Plaintiff should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation.  He also should set forth his allegations in separate, numbered paragraphs and use short and plain statements.  Plaintiff should explain what happened in the complaint itself and not refer facts contained in documents attached to the complaint.  After he finishes drafting a complaint, he should further review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If plaintiff files an amended complaint, I will review it under 28 U.S.C. § 1915A.

## ORDER

IT IS ORDERED that plaintiff Van Jackson, Jr.'s complaint is DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8.  He may have until September 9, 2020 to file an amended complaint that complies with Rule 8.  If plaintiff does not file an amended complaint by September 9, I will dismiss this case with prejudice for his failure to state a claim upon which relief may be granted.

Entered this 19th day of August, 2020.

BY THE COURT:
/s/

_____

BARBARA B. CRABB
District Judge